DLD-158                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3772
_____

RAOUL LAFOND,
                                            Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES OF
AMERICA; JOHN O'BRIEN, Section Chief of United
States Bureau of Prisons; WARDEN LORETTO FCI

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 18-cv-00200)
District Judge: Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

April 11, 2019
Before: JORDAN, GREENAWAY, Jr., and NYGAARD, Circuit Judges

(Opinion filed:  August 16, 2019)
_____

OPINION*
_____


PER CURIAM

    Raoul Lafond appeals from an order of the District Court dismissing his habeas

corpus petition for lack of jurisdiction.  For the reasons that follow, we will summarily

affirm.

Lafond was convicted of narcotics, firearms, and money laundering offenses in the United States District Court for the Middle District of North Carolina, and sentenced on April 24, 1998 to a term of imprisonment of 460 months, see D.C. Crim. No. 06-cr-00212. The Court of Appeals for the Fourth Circuit affirmed on direct appeal, see United States v. Lafond, 1999 WL 815072 (4th Cir. Oct. 13, 1999) (per curiam). The United States Supreme Court denied certiorari on January 24, 2000. In 2001, Lafond filed a motion to vacate sentence, 28 U.S.C. § 2255, in the sentencing court, which was denied in January, 2002. See Docket Entry Nos. 336-37. Lafond appealed to the Fourth Circuit, which declined to issue a certificate of appealability in June, 2002. Since then, there have been several other unsuccessful collateral attacks by Lafond on his conviction and sentence.

On October 11, 2018, Lafond filed a petition for writ of habeas corpus ad subjiciendum in the United States District Court for the Western District of Pennsylvania, the district where he is confined. Lafond claimed that in 2016 he discovered, with the assistance of a forensic document expert, that a federal prosecutor had engaged in misconduct in connection with the grand jury proceedings. Specifically, Lafond alleged that his indictment was not properly signed by the grand jury foreman but was instead forged by an Assistant United States Attorney, and, accordingly, the indictment handed down against him was constitutionally infirm and the sentencing court lacked jurisdiction.

The Magistrate Judge filed a Report and Recommendation, concluding that the petition should be construed as having been filed pursuant to 28 U.S.C. § 2241 and summarily dismissed for lack of jurisdiction. The Magistrate Judge also observed that

2

Lafond had twice before unsuccessfully requested from the Fourth Circuit leave to file a second or successive § 2255 motion based on the newly discovered forensic document expert's August 7, 2016 letter, which expressed the opinion that it was an AUSA who signed the indictment. Lafond filed Objections to the Report and Recommendation. In an order entered on November 27, 2018, the District Court dismissed Lafond's § 2241 petition for lack of jurisdiction. In an order entered on December 7, 2018, the District Court denied Lafond's timely filed motion for reconsideration.

Lafond appeals. Our Clerk advised him that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He later was granted leave to appeal in forma pauperis and thus we also consider whether dismissal of the appeal under 28 U.S.C. § 1915(e)(2)(B) is warranted. Lafond has filed a motion for bail, Fed. R. App. 23(b), and a motion for appointment of counsel.

We will summarily affirm the order of the District Court dismissing Keys' § 2241 petition for lack of jurisdiction, because it clearly appears that no substantial question is presented by the appeal, Third Circuit LAR 27.4 and I.O.P. 10.6.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences[.]" Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Section 2255(e) of title 28, also known as the "savings clause," provides, however, that an application for a writ of habeas corpus may proceed if "it ... appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [a prisoner's] detention." 28 U.S.C. § 2255(e). In In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), we held that the District Court had jurisdiction to hear

3

a federal prisoner's claim under § 2241 even though he did not meet the gatekeeping requirements of § 2255(h), where an intervening U.S. Supreme Court case rendered the conduct of which he was convicted no longer criminal and where he did not have an earlier opportunity to present his claim. Lafond's petition does not meet the safety valve standard. He challenges only the validity of his indictment. He does not argue that he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision. See Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017). Accordingly, the District Court lacked jurisdiction over his habeas corpus petition. Lafond's motion for reconsideration was properly denied because he did not satisfy the requirements for such a motion. See Max's Seafood Café v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

For the foregoing reasons, we will summarily affirm the orders of the District Court dismissing Lafond's habeas corpus petition for lack of jurisdiction and denying his motion for reconsideration. The § 1915(e)(2)(B) issue is moot. Lafond's motions for bail and appointment of counsel are denied.